IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| SHAMEKA MILLER,<br>　　*Plaintiff*, | § § § § | |
| V. | § | CIVIL NO. 4:24-CV-906-P |
| ATTORNEY RAY NAPOLITAN, et al.<br>　　*Defendants*. | § § § § | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION REGARDING PLAINTIFF'S COMPLAINT AND FAILURE TO COMPLY WITH THE COURT'S LOCAL CIVIL RULES

On September 24, 2024, *pro se* Plaintiff filed a Complaint for Violation of Civil Rights against Defendants Attorney Ray Napolitan, Steven Jumcos, Greg Abbott, and Melissa Hall. While it is not clear, Plaintiff appears to be asserting unspecified claims relating to his attorney and treatment in prior court hearings in a court in Tarrant County. Thereafter, in an order dated September 26, 2024, Plaintiff was granted permission to proceed *In Forma Pauperis* ("IFP") [doc. 5]. Subsequently, in an order dated November 1, 2024, the Court noted that, "[a]fter reviewing the Complaint, the Court cannot ascertain whether Plaintiff has stated any claim upon which relief may be granted" [doc. 6]. In that same order, the Court ordered Plaintiff to, no later than November 15, 2024, file an "amended complaint that complies with the [Federal Rules of Civil Procedure ("Rules")] and includes factual allegations that support her claims against all Defendants." (*Id.*). Plaintiff, as of the date of this order, has not filed an Amended Complaint.

In a separate order also dated November 1, 2024, the Court ordered Plaintiff to, no later than November 15, 2024, comply with Local Civil Rules 5.1(e) & (f) by registering an email address and as an electronic case filer [doc. 7]. The Court further stated, "Failure to timely file an amended complaint could result in the dismissal of this case without prejudice for lack of

1

prosecution without further notice." (Doc. 7 at 2) (emphasis in original).) As of the date of this order, Plaintiff has also wholly failed to comply with this order.

Section 1915 of Title 28 of the United States Code sets forth provisions for claimants proceeding IFP. Pursuant to 28 U.S.C. § 1915(e)(2), the Court shall, *sua sponte*, dismiss a case proceeding IFP if the court determines that, *inter alia*, it is frivolous or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B). A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint fails to state a claim upon which relief can be granted when, assuming that all the allegations in the complaint are true even if doubtful in fact, such allegations fail to raise a right to relief about the speculative level. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A complaint must "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (quoting *Bell Atl. Corp.*, 550 U.S. at 550).

In this case, the Court has given Plaintiff an opportunity to file an amended complaint that complies with the Rules and states a claim upon which relief can be granted. Plaintiff, however, has failed to do so. Consequently, the Court **RECOMMENDS** that, pursuant to 28 U.S.C. § 1915(e)(2), Plaintiff's claims be **DISMISSED** for failure to state a claim upon which relief can be granted. In addition, the Court **RECOMMENDS** that Plaintiff's Complaint be **DISMISSED** for failure to comply with the Court's order to comply with the Local Rules.

The Court notes that courts ordinarily err in dismissing *pro se* complaints for failure to state a claim without first extending an opportunity to amend the pleadings. *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998). However, in this case, Plaintiff has already been given an opportunity to file an amended complaint that complies with the Rules and states a valid claim; however, Plaintiff failed to do so. Plaintiff's Complaint, which is the live pleading before the

Court, does not allege a viable legal claim or cause of action. Thus, the Court finds and concludes that Plaintiff has asserted her best case and the granting of any additional leave for Plaintiff to amend her claims would be futile.

### NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions and recommendation within fourteen (14) days after the party has been served with a copy of this document. The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(b)(1). Failure to file, by the date stated above, a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual findings and legal conclusions accepted by the United States District Judge. *See Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending time to file objections from ten to fourteen days).

### ORDER

Under 28 U.S.C. § 636, it is hereby **ORDERED** that each party is granted until **December 2, 2024,** to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions and recommendation. It is further **ORDERED** that if objections are filed and the opposing party chooses to file a response, the response shall be filed within seven (7) days of the filing date of the objections.

It is further **ORDERED** that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED November 18, 2024.

_____
JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE